917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia JACKSON, Plaintiff-Appellee,
v.
GRAYS KNOB COAL CO., et al., Defendant-Appellant.
 No. 90-3150.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1990.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 87-1307, BLA.
 E.D.Ky.
 AFFIRMED.
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This is an appeal from a denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. The Benefits Review Board of the United States Department of Labor reversed the decision of the Administrative Law Judge that benefits should be awarded to Claimant Virginia Wells Jackson, surviving spouse of deceased miner, William Jackson. For the reasons set forth below, we affirm the Benefits Review Boards reversal of the Administrative Law Judge's Decision and Order awarding benefits.
 
 
 2
 William Jackson worked nearly twenty-seven years in coal mines during the thirty year period between 1946 and 1976. He was awarded Kentucky Workers' Compensation benefits based on a finding that he suffered from occupational pneumoconiosis, that award beginning on February 7, 1978, and running for 425 weeks. On April 23, 1980, William Jackson filed an application for black lung benefits; on April 4, 1981, William Jackson died of respiratory and cardiac arrest caused by acute salicylate intoxication, contributed to by a history of cirrhosis and chronic alcoholism. On June 25, 1981, Virginia Wells Jackson filed for black lung benefits as sole dependent of the miner. The Department of Labor denied the claim of the miner and of Virgina Jackson on December 30, 1981, affirming its decision of September 17, 1984. The Department of Labor referred the claim to the Office of Administrative Law Judges on September 21, 1984, and an Administrative Law Judge ("ALJ") heard the claim on June 9, 1986. The ALJ rendered a Decision and Order awarding benefits to Virgina Jackson on December 22, 1986. The Benefits Review Board ("the Board") reversed the ALJ's award of benefits on January 31, 1990, and Virgina Jackson filed a notice of appeal with this Court on February 23, 1990.
 
 
 3
 The primary issue before this Court is whether the Benefits Review Board was correct in its conclusion that the ALJ's decision was not supported by substantial evidence and whether the Benefits Review Board was therefore justified in reversing the ALJ's award of benefits. The claimant raises a second issue before the Court in argument: whether the ALJ properly excluded medical evidence that claimant had not provided to the Deputy Commissioner while the claim was pending in the Department of Labor.
 
 
 4
 The Admission of Evidence Issue: The claimant argues that the ALJ should not have excluded evidence that she offered as exhibits during the hearing, primarily the depositions of two doctors, Matheny and O'Neill, which originally were prepared in relation to the Kentucky state workers' compensation claim. These depositions were forwarded to the ALJ's office on April 11, 1985, and circulated among the parties. The claimant argues that the opposing parties had ample time prior to the hearing on June 9, 1986, to object to the admission of these depositions and thus to allow her to gather other supporting evidence before that hearing if the depositions were not to be admitted. In the claimant's view, the late objection by the opposing parties unfairly prejudiced her ability to prepare further evidence, and the ALJ erred in ruling the evidence inadmissible. The respondent, Grays Knob Coal Company, argues that the ALJ's exclusion of the evidence was compelled by the Department of Labor's regulations, specifically 20 C.F.R. Sec. 725.456(d).
 
 
 5
 The Regulations provide that when the Deputy Commissioner of Labor refers a claim to the Office of the Administrative Law Judges, he or she shall also forward certain documentary evidence to the ALJ, to be classified as Director's exhibits. 20 CFR Secs. 725.421(b) and 725.456(a). In addition, "other documentary material not submitted to the deputy commissioner, may be received in evidence ... if such evidence is sent to all other parties at least 20 days before a hearing is held in connection with the claim." 20 C.F.R. Sec. 725.456(b)(1). Without more, this section of the Regulations seems to support the claimant's view that the disputed evidence should have been admitted, given the claimant's circulation of the documents more than a year before the hearing. However, subsection (d) of the Regulations modifies subsection (b):
 
 
 6
 "Documentary evidence which is obtained by any party during the time a claim is pending before the deputy commissioner, and which is withheld by such party until the claim is forwarded to the Office of Administrative Law Judges shall, notwithstanding paragraph (b) of this section, not be admitted into the hearing record in the absence of extraordinary circumstances ... Id. at 725.456(d).
 
 
 7
 The evidence in question was accumulated before the miner's original claim was filed with the Labor Department in 1980 and thus should have been available to the Labor Department in its consideration of the original claim. The ALJ questioned the claimant as to whether there were any extraordinary circumstances to explain the withholding of the documents. The claimant presented no reason at all. The ALJ then excluded the documents. This action, affirmed by the Benefits Review Board was proper.
 
 
 8
 The Substantial Evidence Issue: This case appropriately was considered by all parties to fall within the purview of 20 C.F.R. Part 718, applicable to all Black Lung Benefits claims filed after March 31, 1980. 20 C.F.R. Sec. 718.2. In order to receive black lung benefits a miner or the miner's survivors must establish (1) that the miner suffers from pneumoconiosis; (2) that the miner's pneumoconiosis arose at least partially from his coal mine work, and (3) that the miner is totally disabled by the pneumoconiosis. See 20 C.F.R. Secs. 718.2, 718.202, 718.203, and 718.204; and Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 9
 Although the burden rests on the miner or the miner's survivors to establish these elements of the claim, see 20 C.F.R. 718.403, the Regulations provide rebuttable presumptions to help the miner meet that burden. Two of those presumptions are applicable to this case. First, if the miner suffering from pneumoconiosis worked in the mines for ten years or more, section 718.203(b) provides a rebuttable presumption that the pneumoconiosis arose out of that employment. Under this presumption, the miner must establish that he suffers from pneumoconiosis. Second, if the miner was employed in the mines for fifteen years or more, even in the face of a negative X-ray, if other evidence "demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that such miner's death was due to pneumoconiosis, or that at the time of death such miner was totally disabled by pneumoconiosis." 20 C.F.R. Sec. 718.305(a). The miner, in order to benefit from this presumption, must establish the totally disabling impairment. To establish the totally disabling impairment the miner must show that he is prevented from doing his usual coal mine work or other comparable work in his immediate area. 20 C.F.R. Sec. 718.204(b)(1) and (2). Even in the absence of certain medical tests described in other sections, the miner can show total disability if a doctor "exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment as described in paragraph (b) of this section ..." 20 C.F.R. Sec. 718.204(c)(4).
 
 
 10
 In Mr. Jackson's case, the evidence as to the existence of pneumoconiosis was conflicting. The ALJ concluded that the records could not support a definite finding of pneumoconiosis but could support a finding of "a totally disabling pulmonary or respiratory impairment." The finding of a totally disabling pulmonary or respiratory impairment made the miner eligible for the section 718.305 presumption that the disability was due to pneumoconiosis, the first element necessary in qualifying for black lung benefits. Because Mr. Jackson had been employed in the mines for more than ten years, the section 718.203 presumption allowed the ALJ to conclude that the pneumoconiosis arose out of the miner's coal mine employment, the second element of the black lung claimant's case. The third element of the claim requires the miner to establish total disability. The ALJ ruled that the record supported a section 718.204(c)(4) finding which allows the miner to establish this total disability if the doctor finds the miner's respiratory or pulmonary condition prevented the miner from doing his usual coal mine work or other similar work. The ALJ asserted that, as he had said in relation to the first element, the records established total disability.[1]
 
 
 11
 The Benefits Review Board recognized the deference owed the ALJ's decision, acknowledging that it "must affirm the findings of the administrative law judge if they are supported by substantial evidence, are rational, and are in accordance with applicable law." Jt.App. at 28 [citations omitted]. The Board decided, however, that there was no substantial evidence to support the ALJ's award. The Board pointed to the reports of Drs. Matheny and O'Neill[2] and said that although both doctors found evidence of coal workers' pneumoconiosis, they did not indicate specifically that the miner was totally disabled. The Board also noted the lack of a "physical assessment which, when compared to the requirements of the miner's usual coal mine employment, could support an inference of total disability." Jt.Ap. at 28. Because the ALJ relied on this insufficient evidence to establish total disability under 20 C.F.R. 718.204(c)(4), the Board found that the ALJ's award was not based on substantial evidence. The Board noted that this disability issue had been addressed in the deposition testimony of Drs. Matheny and O'Neill but affirmed that those depositions could not be considered in the record because they properly had been excluded under 20 C.F.R. Sec. 725.456(d). Jt.App. at 28-29.
 
 
 12
 The appropriate standard for this Court's review of the Board's reversal of the ALJ's decision "is not whether the Board's decision is supported by substantial evidence, but whether the Board was correct in concluding that the ALJ's decision was not supported by 'substantial evidence.' " Bizzarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir.1985) [emphasis in original; footnote omitted.] Under this standard of review, we find that the Board was correct in its conclusion that the ALJ's decision was not supported by substantial evidence. Both the section 305 presumption which allows the miner to establish the existence of pneumoconiosis even without positive X-rays and the section 204(c)(4) provision which allows a doctor's reasoned medical judgment to establish total disability in the absence of qualifying tests require a doctor to have said that the miner was totally disabled or that the miner was prevented from doing his usual coal mine or other similar work. The depositions, which the ALJ properly excluded, might have established the total disability. The reports of record, however, do not say the miner was totally disabled or unable to do his usual coal mine work nor do they describe the disability in such terms that total disability can be inferred.
 
 
 13
 The Decision and Order of the Benefits Review Board is affirmed.
 
 
 
 [1]
 There is a circularity to this process. Total disability is part of the proof which can establish Element One and is the criterion itself for Element Three. Thus elements One and Three required a finding of total disability which, in this claim, in the absence of other certain evidence, had to be demonstrated by a doctor's reasoned medical conclusion that the miner was prevented from doing usual coal mine work or other similar work
 
 
 [2]
 These reports were a part of the record; the depositions of these doctors were excluded